UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALEXANDER BARRETT HANKINS, | Case No. 2:26-cv-00007-MMD-NJK |
| Petitioner, | ORDER |
| v. | |
| WILLIAM HUTCHINGS, | |
| Respondent. | |

Pro se Petitioner Alexander Barrett Hankins has submitted a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1-1 ("Petition")), a motion for a stay and abeyance (ECF No. 1-2), a motion for appointment of counsel (ECF No. 1-3), two motions for leave to proceed *in forma pauperis* (ECF Nos. 1, 4 ("IFP")), and a financial certificate (ECF No. 6). The Court finds that good cause exists to grant the IFP motions. However, following a review of the Petition under the Rules Governing Section 2254 Cases, the Court finds that the Petition is second or successive and therefore must be dismissed based on a lack of jurisdiction.

I.      BACKGROUND[1]

Hankins challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County. *State of Nevada v. Alexander Barrett Hankins*, Case No. CR15-0984. On December 17, 2015, the state court entered a judgment of conviction, convicting Hankins of two counts of burglary and one count of grand larceny of a motor vehicle. (ECF No. 1-1 at 70.) Hankins was sentenced to 36 to 120 months for each

---

[1]The Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts. These docket records may be accessed at: https://perma.cc/8WBD-C7HZ and https://perma.cc/8Z7K-G6GZ.

conviction to be served consecutively. (*Id*. at 70-71.) It does not appear that Hankins appealed his judgment of conviction.

Hankins filed a motion to modify or correct an illegal sentence on March 23, 2020. The state court denied the motion, Hankins appealed, and the Nevada Court of Appeals affirmed on February 12, 2021. *Alexander Barrett Hankins v. State of Nevada*, No. 81031-COA.

Hankins filed a federal habeas petition on May 11, 2021, in case number 2:21-cv-00916-GMN-EJY,[2] challenging his judgment of conviction in case number CR15-0984. The Court issued an Order to Show Cause, instructing Hankins to "show cause in writing why the petition should not be dismissed with prejudice as time-barred." Because Hankins "failed to demonstrate that this case should not be dismissed," the Court dismissed Hankins's petition with prejudice as untimely on September 24, 2021, and judgment was entered.

Hankins filed a state habeas petition on November 22, 2022. The state court dismissed the petition as untimely, Hankins appealed, and the Nevada Court of Appeals affirmed on April 22, 2024. *Alexander Barrett Hankins v. State of Nevada*, No. 86877-COA.

## II.     DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The Court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

_____

[2]The Court takes judicial notice of the online docket records of this case.

"[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, in relevant part, that a claim presented in a second or successive federal petition that was not presented in a prior petition shall be dismissed unless:

> (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Before a second or successive petition may be filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. *See id.* § 2244(b)(3). The district court does not have jurisdiction to entertain a second or successive petition absent such permission. *See Brown*, 889 F.3d at 667. "[I]n cases involving doubt about whether a petition will be deemed second or successive," the Ninth Circuit has instructed "petitioners to seek authorization in [its] court first, rather than filing directly in the district court." *Goodrum v. Busby,* 824 F.3d 1188, 1195 (9th Cir. 2016) (citation omitted).

Because (1) Hankin's Petition challenges the same December 17, 2015, judgment of conviction in Case No. CR15-0984 that was challenged in 2:21-cv-00916-GMN-EJY, (2) the petition filed in 2:21-cv-00916-GMN-EJY was dismissed with prejudice,[3] and (3) the claims in the Petition are based on facts that had occurred by the time of Hankins's

---

[3]*McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) ("[D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of . . . 28 U.S.C. § 2244(b).").

3

prior federal petition,[4] Hankins's Petition is second or successive. And because Hankins does not indicate that he has received authorization from the Court of Appeals to file this second or successive petition (ECF No. 1-1 at 2), this Court dismisses the Petition. Since this Court lacks jurisdiction over this action, Hankins's other motions are denied.

## III.   CONCLUSION

It is therefore ordered that the IFP motions (ECF Nos. 1, 4) are granted.

It is further ordered that the Petition (ECF No. 1-1) is dismissed without prejudice based on a lack of jurisdiction. A certificate of appealability is denied as reasonable jurists would not find the dismissal of the Petition to be debatable or wrong.

It is further ordered that the motion for stay and abeyance (ECF No. 1-2) and motion for appointment of counsel (ECF No. 1-3) are denied.

The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents[5] and provide the Nevada Attorney General with copies of the Petition (ECF No. 1-1), this Order, and all other filings in this matter by regenerating the notices of electronic filing.

The Clerk of Court is further directed to enter final judgment dismissing this action without prejudice and close this case.

DATED THIS 20th Day of January 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[4]Hankins explains that his Petition is based on "newly discovered evidence [that was] unavailable [until] the 2019 80th legislative session." (ECF No. 1-1 at 3.) Given that Hankins filed his first federal habeas petition in 2021, the claims in his Petition occurred by the time of his prior federal petition.

[5]No response is required from Respondents other than to respond to any orders of a reviewing court.

4